UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Oshay Jones

    v.                                        Case No. 19-cv-105-JL

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner Oshay Jones, proceeding pro se, is currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). He brings a 28 U.S.C. § 2241 habeas action claiming that (1) a disciplinary hearing officer ("DHO") at FCI Fort Dix, a federal correctional facility in New Jersey, violated his constitutional rights by failing to properly consider certain evidence in connection with Jones's November 2017 disciplinary proceedings; and (2) the Federal Bureau of Prisons ("BOP") Northeast Regional Administrative Remedy Director ("Regional Director") erred in rejecting Jones's appeal of the DHO's report as untimely. See Jan. 14, 2019 Pet. For Writ of Habeas Corpus (Doc. No. 1) ("Pet."). Jones seeks expungement of the disciplinary infraction that was the subject of the November 2017 proceedings from his BOP disciplinary record, and restoration of good conduct time disallowed as a sanction for that infraction.

1

Before the court is the respondent's motion for summary judgment (Doc. No. 12) asserting that Jones failed to properly exhaust the BOP's available administrative remedies. Jones did not object or otherwise respond to the motion.

## Summary Judgment Standard

"Summary judgment is warranted if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Luceus v. Rhode Island, 923 F.3d 255, 256-57 (1st Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "An issue is 'genuine' if it can be resolved in favor of either party, and a fact is 'material' if it has the potential of affecting the outcome of the case." Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 215 (quoting Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)) (internal quotation marks omitted). When a court considers a motion for summary judgment, "[t]he evidence . . . must be viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor." Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016) (citation omitted).

Where the party moving for summary judgment bears the burden of proof on an issue, that party "must provide evidence sufficient for the court to hold that no reasonable trier of

2

fact could find other than in its favor."  Am. Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 75 (1st Cir. 2008).  Once the moving party identifies the portions of the record that show the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate, by reference to materials of evidentiary quality, that a trier of fact could reasonably resolve that issue in the nonmovant's favor.  See Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016).  The nonmoving party's failure to make the requisite showing as to those issues upon which it bears the burden of proof "entitles the moving party to summary judgment."  Id.

## Background

I.  Disciplinary Proceedings and Administrative Appeals

In November 2017, while Jones was incarcerated at FCI Fort Dix, he was subject to a disciplinary proceeding at FCI Fort Dix on a charge that, on one occasion in September 2017, he had possessed a cell phone in violation of prison policy.  Aug. 6, 2019 Decl. of Cheryl Magnusson (Doc. No. 12-1) ("Magnusson Decl.") at 2 ¶¶ 5-6; Mar. 6, 2018 DHO Report (Doc. No. 12-3) ("DHO Report") at 3.  The DHO imposed, as sanctions for the disciplinary infraction:  loss of forty-one days of good conduct time; thirty days in disciplinary segregation, suspended; a

3

twelve-month loss of phone privileges; and a twelve-month loss of email privileges. DHO Report at 3; Magnusson Decl. at 2 ¶ 6.

Jones received a copy of the DHO Report on April 26, 2018. DHO Report at 4; Pet. at 8. The DHO Report informed Jones of the DHO's findings and sanctions, and Jones's right to appeal the DHO's decision within twenty days. DHO Report at 2-3. Jones states that he appealed the DHO Report to the Regional Director by hand-delivering his appeal to the FCI Berlin mailroom staff on May 16, 2018,[1] which was twenty days after April 26, 2018.[2] Id. Respondent asserts the Regional Director received Jones's appeal on May 25, 2018. Aug. 14, 2019 Resp't's Mot. Summ. J. (Doc. No. 12) at 1 (citing Magnusson Decl., Ex. C (Doc. No. 12-4) at 5). On May 30, 2018, the Regional Director rejected the appeal finding, according to Jones:

> 1: "All four pages of your (BP-9) (BP-10) (BP-11) form must be legible and worded the same. Photocopies of the form will not be accepted." 2: "Your appeal[] is untimely. Regional Appeals (BP-10) must be received within[] 20 days of the Warden/CCM response or receipt

---

[1] Jones states at one point in his petition that he delivered his appeal to the FCI mailroom staff on May 26, 2018. See Pet. at 8. However, as Respondent acknowledges, and drawing all reasonable inferences in Jones's favor, it appears Jones meant that he delivered his appeal to the FCI mailroom on May 16, 2018. See Resp't's Mot. Summ. J. (Doc. No. 12) at 2.

[2] Jones's petition indicates that a copy of the appeal Jones filed with the Regional Director is attached to the petition as Exhibit A, but no such exhibit was filed with the petition. The court accepts as true Jones's description of that appeal for purposes of considering the motion for summary judgment.

4

>   of the DHO report.  This time include[s] mail time."
>   "Reject Reason 3: Provide staff verification stating
>   reason untimely filings was not your fault.  Reject
>   Reasons: You may resubmit appeal in proper form within
>   10 days of the date of this rejection notice."

Pet. (Doc. No. 1) at 2 ¶5 (citing Regional Director's denial of appeal).  The court construes Jones's petition liberally to further allege that FCI Berlin staff did not provide Jones with a memo of explanation as to why the appeal of his DHO Report to the Regional Director was untimely.  See id. at 2 ¶ 6.

On or about June 20, 2018, Jones appealed the Regional Director's rejection of his appeal to the BOP Central Appeals Office ("Central Office"), which, according to Jones, was rejected, as follows: "1: 'concur with rational[e] of Regional Office and/or Institution for rejection.'  Follow directions provided on prior rejection notice.'"  Pet. at 2-3 ¶ 7 (citing BOP Central Office's denial of appeal).

II. <u>Respondent's Motion for Summary Judgment</u>

Respondent argues here that the undisputed facts in this case demonstrate that Jones's appeal of the DHO Report to the Regional Director was untimely, and that Jones therefore failed to properly exhaust his administrative remedies.  The respondent contends that he is entitled to judgment as a matter of law because Jones's failure to meet the appeal deadline means that

he failed to exhaust his administrative remedies, and that such failure is fatal to Jones's petition.

## Discussion

I.  Exhaustion of Administrative Remedies

"In general, a § 2241 petitioner must exhaust available administrative remedies before [he] can obtain relief in federal court." Shorter v. Warden, No. 19-10790, 2020 WL 820949, at *3 (11th Cir. 2020).  For a federal prisoner "[t]o properly exhaust § 2241 claims challenging the computation of a release date, [he] generally must comply with the with the [BOP's] Administrative Remedy Program which is set forth in 28 C.F.R. §§ 542.10-.19." Cook v. Spaulding, No. 19-12054-JGD, 2020 WL 231464, at *3 (D. Mass. Jan. 15, 2020); see also Davis v. Warden, FCC Coleman – USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (citing Woodford v. Ngo, 548 U.S. 81, 88-93 (2006)) (proper exhaustion requires prisoner to comply with the "agency's deadlines and procedural rules").  In a § 2241 action, the government bears the burden to raise and prove the affirmative defense that the petitioner failed to exhaust his administrative remedies.  See Acosta v. Daniels, 589 F. App'x 870, 873 (10th Cir. 2014) (citing Jones v. Bock, 549 U.S. 199, 212) (2007)).

II. <u>BOP Administrative Remedies</u>

The BOP has established an Administrative Remedy Program ("ARP") "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The ARP consists of a formal review process for BOP prisoner grievances. <u>See id.</u> § 542.14(a). Where, as here, a BOP prisoner seeks to appeal a DHO Report, his first appeal must be submitted to the Regional Director within twenty calendar days of the date the prisoner received the DHO Report. <u>See</u> 28 C.F.R. §§ 542.14(d)(2) (excepting DHO appeals from the general requirement that an inmate attempt an informal resolution, and files an Administrative Remedy Request ("ARR") to a staff member at his place of incarceration prior to filing an appeal with the Regional Director); <u>id.</u> § 542.15(a) (appeal to Regional Director to be filed within twenty calendar days of decision being appealed).

A prisoner may appeal the Regional Director's decision to the Central Office within thirty calendar days of the date of the Regional Director's signed response. <u>Id.</u> Appeals filed with the Regional Director or the Central Office must be signed and dated by the inmate and mailed to the appropriate recipient. Id. § 542.15(b)(3). Appeal to the Central Office is the final step in the administrative appeal process. <u>Id.</u> § 542.15(a).

A prisoner's administrative appeals to the Regional Director and the Central Office are "considered filed on the date [the appeal] is logged into the Administrative Remedy Index as received." Id. § 542.18.  An inmate who fails to comply with the prescribed deadlines has an opportunity to demonstrate a valid reason for the delay in filing; if the prisoner does so, he may be granted an extension to complete the filing.  See id. § 542.17(b).

III. Jones's Compliance with ARP Requirements

As a preliminary matter, this court notes that the record includes no copies of the decisions issued in Jones's administrative grievance process.  The records filed in support of the motion for summary judgment do not include any copies of those decisions; rather, there is a conclusory statement in an affidavit of a BOP legal assistant that her review of the administrative record demonstrates that Jones did not exhaust his administrative remedies, to which a set of essentially unintelligible computer print-outs is attached.  In the absence of a suitable administrative record upon which to base its decision on the motion for summary judgment, the court takes as true Jones's (undisputed) factual allegations as to the timing of his appeals and the reasons stated by BOP officials for denying his grievances at each stage of the process.  Cf. Settle

8

v. Bureau of Prisons, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) ("when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense" (citing Jones, 549 U.S. at 214-16)).

The government argues in its motion for summary judgment, and Jones's petition demonstrates on its face, that his appeal to the Regional Director was not timely filed. Jones alleges he received the DHO Report on April 26, 2018. Pet. at 8 ¶ 16. Jones further asserts that: his appeal of the DHO Report to the Regional Director was due on May 16, 2018, and he hand-delivered that appeal to the FCI Berlin mailroom staff on May 16, 2018. Id.

An inmate must mail his appeal of a DHO Report to the Regional Director. See 28 C.F.R. 542.15(b)(3). That appeal "is considered filed on the date it is logged into the Administrative Remedy Index as received." Id. § 542.18. Jones concedes he did not deliver his appeal for mailing until the day it was due, May 16, 2018. Pet. at 8 ¶ 16. Jones's appeal could not have been mailed from FCI Berlin in New Hampshire and arrive at the Regional Director's office, which is in Philadelphia, Pennsylvania, that same day. On its face, therefore, Jones's petition reveals that his appeal was not filed in accordance

9

with the timetables established in the ARP.  See 28 C.F.R. § 542.15.

Jones argues that his appeal was timely filed by his May 16, 2018 delivery of his appeal to FCI Berlin mailroom staff, pursuant to the so-called "prison mailbox rule."[3]  See Pet. at 8 ¶ 16.  His argument regarding the applicability of that court rule of procedure, however, is unavailing.  While the First Circuit has not spoken as to whether the prison mailbox rule applies to a federal prisoner's filing of appeals under the ARP, the majority of courts that have considered the question have found that the prison mailbox rule does not apply to the deadlines established by the BOP's grievance procedure.  See, e.g., Nigro v. Sullivan, 40 F.3d 990, 996 (9th Cir. 1994) (federal prisoners not entitled to the benefit of the prison mailbox rule in determining whether a prison administrative appeal was timely filed); Lee v. Zuniga, No. 1:15-cv-00297-LJO-MJS, 2017 WL 2628101, at *3 (E.D. Cal. June 19, 2017) (collecting cases reaching same conclusion).  The cases finding that the prison mailbox rule may apply to the ARP are distinguishable to the extent that they appear to involve

---

[3] "[U]nder the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date that he delivered it to prison authorities for mailing." McGrimager v. Swain, ___ F. App'x ___, 2019 WL 6487516, at *1 (11th Cir. 2019) (citing Daniels v. United States, 809 U.S. F.3d 588, 589 (11th Cir. 2015).

10

circumstances where the inmate has shown that he or she did everything within the inmate's control to avoid an untimely submission.  See, e.g., Collier v. Caraway, No. 2:14-cv-0365-JMS-MJD, 2016 WL 4088723, at *5 (S.D. Ind. July 27, 2016) ("Whether the Court concludes that the prison mailbox rule applies or whether it finds that the process was not available to Mr. Collier because [of prison staff conduct], the outcome is the same.  Mr. Collier's [appeal] arrived late through no fault of his own.  Mr. Collier, as a prisoner, could not place his paperwork directly in the hands of the intended recipient or postal service.").

Finding the majority position persuasive, given in particular that the ARP provides a mechanism for prisoners to demonstrate that a delay in filing should be excused, the court declines to find that the prison mailbox rule rendered Jones's appeal timely.  As the petition conclusively demonstrates that Jones's administrative appeal was not received according to the timetable set forth in federal regulations and was rejected by the Regional Director on that basis, Jones failed to exhaust his administrative remedies with respect to the claims asserted in his § 2241 petition here.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 12). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file a written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 2, 2020

cc: Oshay Jones, pro se
    Seth R. Aframe, Esq.